No. 98,102

In the Matter of JAMES B. PATTISON, *Respondent.*
(159 P.3d 185)

Opinion filed June 8, 2007.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

No appearance by the respondent.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator against respondent, James B. Pattison, an attorney admitted to the practice of law in Kansas on April 28, 2000. The respondent was admitted to the practice of law in the state of Virginia in 1991. The respondent's last registration address filed with the Clerk of the Appellate Courts of Kansas is in Hutchinson, Kansas.

The formal complaint herein charged respondent with violating Kansas Rules of Professional Conduct (KRPC) 1.3 (2006 Kan. Ct. R. Annot. 371) (diligence), KRPC 1.4 (2006 Kan. Ct. R. Annot. 386) (communication), KRPC 1.15 (2006 Kan. Ct. R. Annot. 435) (safekeeping property), and KRPC 8.4 (2006 Kan. Ct. R. Annot. 510) (misconduct). The respondent filed an answer to the formal complaint admitting the alleged violations. A hearing was held before a panel of the Kansas Board for Discipline of Attorneys on January 16, 2007. The respondent appeared in person and pro se. At the hearing, the respondent admitted the factual allegations and KRPC violations set forth in the formal complaint.

In its final hearing report the panel concluded that the respondent violated KRPC 1.3, 1.4, 1.15(a), and 8.4(d). The hearing panel unanimously recommended that the respondent be indefinitely suspended from the practice of law in the state of Kansas. The respondent filed no exceptions to the final hearing report and, by letter dated March 5, 2007, to the Clerk of the Appellate Courts, stated he agreed with all aspects of the report.

The panel found and concluded as follows:

## "FINDINGS OF FACT

. . . .

### "Count I

"2. In March, 2003, Heriberto R. Martinez retained the Respondent to represent him in a felony drug case. Mr. Martinez and his companion, Vicki Unruh, paid the Respondent $1,600 for attorney fees associated with the case.

"3. The Respondent appeared in behalf of Mr. Martinez at the preliminary hearing. Following a contested hearing, Mr. Martinez was bound over on the felony charge. Following the preliminary hearing, the Respondent requested that Mr. Martinez provide the Respondent with $400 to obtain a transcript of the preliminary hearing. On July 7, 2003, Mr. Martinez paid the Respondent $400 for the transcript.

"4. The Respondent did not purchase a transcript from the court reporter. The Respondent converted the $400 to his own use.

"5. The Court scheduled trial for September 17, 2003. Prior to the trial date, Mr. Martinez and Ms. Unruh repeatedly attempted to contact the Respondent. Mr. Martinez met with the Respondent on a couple of occasions. However, the Respondent failed to return nearly all of Mr. Martinez' telephone calls.

"6. Prior to the trial date, the Respondent sought and obtained a continuance of the trial to October 6, 2003. However, the Respondent failed to inform Mr. Martinez that the trial had been continued. As a result, on September 17, 2003, Mr. Martinez appeared in court for trial. After arriving at the courthouse, Mr. Martinez learned that his trial had been continued to October 6, 2003.

"7. Finally, on September 23, 2003, the Respondent contacted Mr. Martinez and informed him of the new trial date.

"8. Mr. Martinez continued having difficulty communicating with the Respondent. On September 30, 2003, Mr. Martinez wrote to the Court and requested a new attorney. Mr. Martinez informed the Court that the Respondent had failed to keep him informed regarding the case. Thereafter, the Court appointed an attorney to represent Mr. Martinez.

### "Count II

"9. Also in March, 2003, Ms. Unruh retained the Respondent to represent her at an aid in execution hearing regarding a collection matter that had previously been reduced to a judgment. Ms. Unruh paid the Respondent $400 for the representation. The Respondent continued the first setting of the hearing.

"10. Ms. Unruh repeatedly attempted to contact the Respondent regarding her case. The Respondent failed to return her telephone calls.

"11. Ms. Unruh appeared at the aid in execution hearing scheduled following the Respondent's requested continuance. However, the Respondent failed to appear at the hearing. Plaintiff's counsel, David Shriver, called the Respondent from the courthouse. The Respondent informed Mr. Shriver that he would not be appearing at the hearing. The Respondent told Ms. Unruh to answer all of Mr. Shriver's questions.

"12.   The Respondent did nothing to earn Ms. Unruh's $400 fee paid.

"CONCLUSIONS OF LAW

"1.   Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.15, and KRPC 8.4(d), as detailed below.

"2.   Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. In this case, the Respondent failed to provide diligent representation to Mr. Martinez when he failed to timely meet with and prepare for trial. Additionally, the Respondent failed to provide diligent representation to Ms. Unruh when he failed to appear in court with her at the aid in execution hearing. Because the Respondent failed to act with reasonable diligence and promptness in representing Mr. Martinez and Ms. Unruh, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"3.   KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.4(a) when he failed to keep Mr. Martinez and Ms. Unruh informed regarding their cases. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"4.   Attorneys must safeguard client's property. KRPC 1.15(a) prohibits attorneys from commingling their funds with the funds of their clients, as follows:

'A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state of Kansas. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.'

The Respondent violated KRPC 1.15(a) when he failed to maintain the $400 paid by Mr. Martinez to purchase a transcript in the Respondent's trust account. Additionally, the Respondent violated KRPC 1.15(a) when he failed to maintain Ms. Unruh's unearned fee in his trust account. The Respondent converted Mr. Martinez' and Ms. Unruh's fees and used them for his own purposes. As such, the Hearing Panel concludes that the Respondent violated KRPC 1.15(a).

"5.   'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). In this case, the Respondent engaged in 'conduct that is prejudicial to the administration of justice' when he failed to appear at the aid in execution hearing in behalf of Ms. Unruh. As such, the Hearing Panel concludes that the Respondent violated KRPC 8.4(d)."

RECOMMENDED DISCIPLINE

The panel then discussed the appropriate discipline to be imposed herein:

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duties to his clients to maintain adequate communication, to provide diligent representation, and to properly safeguard their property.

"*Mental State.* The Respondent knowingly violated his duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual harm to his clients.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has been previously disciplined on two occasions. First, on March 8, 2000, the Fourth District, Section I Subcommittee of the Virginia State Bar publicly reprimanded the Respondent for having violated DR 1-102(A)(4) and DR 7-102(A)(3), and DR 7-102 (A)(7). Then, on October 21, 2005, the Kansas Supreme Court suspended the Respondent's license to practice law in the state of Kansas for a period of one year for having violated KRPC 1.3, KRPC 1.7, KRPC 4.2, and KRPC 8.4. [Footnote: While the Respondent was eligible to apply to have his license reinstated more than 3 months ago, he has not done so. The Respondent testified that he has not paid the requisite fees nor has he completed the requisite number of hours of continuing legal education.]

"Dishonest or Selfish Motive. The Respondent's misconduct included converting his client's property to his own use. The conversion of property constitutes dishonest and selfish behavior.

"A Pattern of Misconduct. Included in this case are two complaints. The complaints involve similar misconduct. Additionally, the Respondent has previously been disciplined on two previous occasions. The previous cases included violations of some of the same or similar rules as those violated in this case. Accordingly, the Respondent engaged in a pattern of misconduct.

"Multiple Offenses. The Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.15, and KRPC 8.4(d). As such, the Respondent committed multiple offenses.

"Vulnerability of Victim. Mr. Martinez was vulnerable to the Respondent's misconduct because he speaks very little English.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 2000. Additionally, the Respondent was admitted to the Virginia bar in 1991. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of 12 years.

Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Indifference to Making Restitution. To date, the Respondent has made no effort to make restitution to Mr. Martinez or Ms. Unruh.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. The Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct.

"Remorse. At the hearing on the Formal Complaint, the Respondent expressed genuine remorse.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.' Standard 4.12.

'Suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.' Standard 4.42.

'Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.' Standard 6.22."

The hearing panel then made the following recommendation of discipline:

"The Disciplinary Administrator recommended that the Respondent be indefinitely suspended. Additionally, the Disciplinary Administrator recommended that the effective date of the indefinite suspension be made retroactive to October 21, 2005, the date of the Respondent's one-year suspension.

"The Respondent initially recommended that he be allowed to practice law on a limited basis for his church. The Respondent explained that if he were to be reinstated he would practice only on a limited basis for his church. However, the Respondent acknowledged that there is no mechanism to permit or enforce a limited law license. Subsequently, the Respondent concurred with the Disciplinary Administrator's suggestion that he be indefinitely suspended and that the suspension be retroactive to the date of his suspension, October 21, 2005.

"After considering the findings of fact, the conclusions of law, the aggravating and mitigating factors, and the ABA Standards for Imposing Lawyer Sanctions,

the Hearing Panel considered the sanction to recommend to the Court. It is important to note that the complaint from Mr. Martinez and Ms. Unruh was not received by the Disciplinary Administrator's office until after the Respondent's suspension was effective. However, the misconduct in this case occurred during the same time period in which the misconduct from the previous case occurred. Because the misconduct occurred prior to the Respondent's suspension, the Hearing Panel unanimously recommends that the Kansas Supreme Court suspend the Respondent for an indefinite period of time but that the indefinite suspension be effective October 21, 2005. Given the circumstances of the case, making the suspension retroactive to the date the one-year suspension commenced seems fair. Finally, the Hearing Panel recommends that, as a precondition to reinstatement, the Respondent be required to make restitution to Mr. Martinez and Ms. Unruh before he is allowed to resume the practice of law. [Footnote: The Hearing Panel concludes that the Respondent earned the $1,600 fee paid for the representation of Mr. Martinez in the felony drug case. In the Hearing Panel's opinion, no restitution is owing regarding that fee.] Specifically, the Hearing Panel recommends that the Respondent be ordered to pay Mr. Martinez $400 plus statutory interest, for the amount received for the purchase of a transcript of the preliminary hearing and that he be ordered to pay Ms. Unruh $400 plus statutory interest, for the unearned fees received to represent her in the collection matter."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003); see also Supreme Court Rule 211(f) (2006 Kan. Ct. R. Annot. 284) (misconduct to be established by clear and convincing evidence).

The respondent filed a statement with the clerk stating he does not take exception to the panel's final report. Therefore, the hearing panel's final report is deemed admitted. Supreme Court Rule 212(c) (2006 Kan. Ct. R. 295).

We conclude the panel's findings of fact are supported by clear and convincing evidence and support the panel's conclusions of law. We adopt the panel's findings of fact and conclusions of law.

With respect to the discipline to be imposed, the panel's recommendation that the respondent be indefinitely suspended from the practice of law in the state of Kansas retroactive to October 21,

2005, is advisory only. The court may impose discipline greater or lesser than that recommended by the panel or the Disciplinary Administrator. Rule 212(f).

We note that, as of the date of this opinion, respondent has taken no action to have his license reinstated from his October 21, 2005, suspension. At that time, respondent's 1-year suspension was for violations of KRPC 1.3 (2006 Kan. Ct. R. Annot. 371) (diligence), KRPC 1.7(b) (2006 Kan. Ct. R. Annot. 411) (conflict of interest); KRPC 4.2 (2006 Kan. Ct. R. Annot. 487) (communication with persons represented by counsel); and KRPC 8.4 (2006 Kan. Ct. R. Annot. 510) (misconduct). The particulars are set forth in *In re Pattison*, 280 Kan. 349, 121 P.3d 423 (2005). We also note the respondent received adequate notice of the hearing before us but made no appearance.

After careful consideration we agree with the panel that indefinite suspension is the appropriate discipline to be imposed herein. We do not agree, however, that the indefinite suspension should be made retroactive to October 21, 2005.

We further find that before reinstatement of respondent will be considered, he must show he has paid restitution in the amount of $400 plus statutory interest to his injured client, Mr. Martinez, and $400 plus statutory interest in reimbursement to the Client Protection Fund for Ms. Unruh's approved claim in that amount.

IT IS THEREFORE ORDERED that James B. Pattison be indefinitely suspended from the practice of law, effective the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2006 Kan. Ct. R. Annot. 243).

IT IS FURTHER ORDERED that respondent forthwith comply with Supreme Court Rule 218 (2006 Kan. Ct. R. Annot. 314), that the costs of these proceedings be assessed to the respondent, and that this opinion be published in the official Kansas Reports.